IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALAY VORACHIT | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 06-CV-3976 |
| MICHAEL J. ASTRUE | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                    NOVEMBER 14, 2007

Petitioner Vorachit filed a timely motion to obtain attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, after this Court reversed the Commissioner's decision to deny benefits and remanded in accordance with the fourth sentence of 42 U.S.C. § 405(g). The Commissioner objects to plaintiff's petition for fees, arguing his opposition to plaintiff's objections to the Administrative Law Judge's ("ALJ") opinion was substantially justified. For the following reasons, the Commissioner's position was not substantially justified and plaintiff's motion for attorney fees is GRANTED.

I.  PROCEDURAL BACKGROUND

Plaintiff made her most recent application for supplemental security income ("SSI") on April 27, 2005 stating she was disabled due to hypertension, vascular disease, depression, arthritis, and post-traumatic stress disorder. (Tr. 11, 37). The Social Security Administration denied her claim in August 2005. Plaintiff requested a hearing before an ALJ, which was held on March 27, 2006. (Tr. 11). The ALJ found several of Plaintiff's impairments were severe but

concluded she was not disabled. (Tr. 11-18). After an unsuccessful appeal to the Social Security Appeals Council, plaintiff appealed to district court. The case was referred to Magistrate Judge Scuderi for a Report and Recommendation ("R&R"). The R&R recommended denying plaintiff's objections to the ALJ's decision and affirming the ALJ decision to affirm the Commissioner's denial of benefits.

Plaintiff submitted four objections to the R&R: 1) the ALJ erred by rejecting the opinions of plaintiff's treating physician without good reason or adequate explanation; 2) the ALJ erred by not providing adequate explanation for his assessment of plaintiff's credibility; 3) the ALJ violated his duty to develop the record with respect to plaintiff's mental impairments; and 4) the ALJ improperly relied on vocational expert testimony elicited by a hypothetical question that did not include all of plaintiff's pertinent limitations. (Mem. Op. 6-11). After a thorough review of the record, this Court sustained plaintiff's fourth objection, reversed the Commissioner's denial of benefits, and remanded the case to the Commissioner for further proceedings. 42 U.S.C. § 405(g). Plaintiff subsequently filed a motion for attorneys fees pursuant to 28 U.S.C. § 2412, to which the Commissioner objects, arguing petitioner is not entitled to fees because the Commissioner's argued positions were substantially justified.

## II.  STANDARD OF REVIEW

The burden of proving substantial justification is on the government. <u>Washington v. Heckler</u>, 756 F.2d 959, 961 (3d Cir. 1985). Substantial justification " 'constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.' " <u>Id.</u> (quoting <u>Dougherty v. Lehman</u>, 711 F.2d 555,

563 (3d Cir. 1983); see also Stokes v. Bowen, 811 F.2d 814, 816 (3d Cir. 1987) (Congress's rejection of "reasonably justified" standard in favor of "substantially justified" signifies standard must be more than reasonableness).  To carry his burden, the Commissioner must meet a three-part test by demonstrating: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory [he] propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Washington, 756 F.2d at 961 (citing Citizens Council of Delaware County v. Brinegar, 741 F.2d 584, 598 (3d Cir. 1984)); Dougherty, 711 F.2d at 564. Accordingly, the government's burden involves both a legal and a factual component.

Moreover, "for the government, in relying entirely on a legal argument, to establish that its position was substantially justified, it must demonstrate that [its] argument presented an unsettled or close question of law." Lee v. Johnson, 799 F.2d 31, 38 (3d Cir. 1986).  If the Commissioner's position clearly offends established precedent, its position cannot be substantially justified.  Washington, 756 F.2d at 961-62; accord Golembiewski v. Barnhart, 382 F.3d 721, 724-25 (7th Cir. 2004) (government lacked substantial justification because its defense of the ALJ contradicted "clear and long judicial precedent").

As to the factual component, agency action found to be unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act.  Only the most extraordinary circumstances could permit such an action to be found substantially justified. Stokes v. Bowen, 811 F.2d 814, 816 (3d Cir. 1987) (internal quotation omitted); see also Washington, 756 F.2d at 968 (Aldisert, J., concurring) (government's burden not satisfied if it only can point to "some evidence" in its favor).

III.  DISCUSSION

The Commissioner challenges plaintiff's motion for attorney fees arguing its defense against plaintiff's objections to the ALJ's decision was substantially justified.  Specifically, the Commissioner argues he was substantially justified in defending against plaintiff's objection to the ALJ's failure to include all of plaintiff's pertinent impairments in the hypothetical question posed to the vocational expert.  In order to prove substantial justification, the Government bears the burden of proving it had a reasonable basis in fact and in law to defend plaintiff's objection to the ALJ's inadequate hypothetical question.  For the following reasons, Commissioner's objections are overruled.

**1.      The Commissioner did not have a reasonable basis in law to defend the ALJ's deficient hypothetical question.**

 **A. The magistrate judge's decision alone is insufficient to prove substantial justification**

The Commissioner argues the magistrate judge's decision in his favor is sufficient to prove substantial justification and cites Pierce v. Underwood, 487 U.S. 552, 568-69 (1998), to support this proposition.  Pierce suggests that the government's argument for substantial justification is buttressed when several courts have heard the merits of a case and have found in favor of the government.  Thus, a string of litigation successes, while not dispositive, can be indicative of substantial justification.  Id.

The Commissioner's reliance on Pierce is misplaced.  In Pierce, nine district courts and two Courts of Appeals heard the merits of the case and the same party prevailed each time.  Yet the Supreme Court did not find this case history dispositive when making a determination on whether substantial justification existed.  It merely indicated courts may use these litigation

successes as a factor in making a determination on substantial justification.

The case before the Court does not have a comparable lengthy case history. The only litigation that has occurred in this case consists of a hearing before the ALJ, an appeal to the Social Security Appeals Council, and plaintiff's appeal to this Court which resulted in our not following the magistrate judge's Report & Recommendation ("R&R"). While there is no doubt the magistrate judge was thorough in reviewing the facts of this case and applying the law to those facts, the R&R cannot be considered a "litigation success". The appeal from the ALJ's decision was directed to the district court, which issued a ruling against one of the Commissioner's positions. Accordingly, the Commissioner's only litigation successes were before the ALJ and the Social Security Appeals Council, which alone do not support a finding of substantial justification.

The Commissioner also cites Corona v. Barnhart, 431 F. Supp. 2d 506, 512 (E.D. Pa. 2006), to support his position that the magistrate judge's opinion is sufficient to prove substantial justification. The Court in Corona found the views of other judges to be a consideration with respect to whether the government's position was substantially justified. Id. Again, this case does not presuppose the magistrate's decision alone is sufficient to prove the Commissioner's positions were substantially justified. It merely suggests the magistrate judge's decision should be a *consideration*.

This Court carefully considered the R&R provided by the magistrate judge before reversing and remanding the decision of the ALJ. The R&R was well written and carefully discussed the objections to the ALJ's decision. However, it is the duty of this Court to review

the facts of each appeal and, along with the recommendation of the magistrate judge, render a decision consistent with the laws of this jurisdiction.  In doing so, we are free to agree or disagree with the recommendation of the magistrate judge.  Therefore, the fact that Plaintiff was successful before the magistrate judge does not require a finding of substantial justification.

### B. Overruling three of plaintiff's four objections[1] does not prove substantial justification

Next, the Commissioner argues his position was substantially justified because the Court looked favorably upon his defenses to three of plaintiff's four objections to the ALJ's decision.  This argument is not persuasive.

In order for the Commissioner's positions to be substantially justified, they must present an "unsettled or close question of law," that does not violate clearly established precedent.  Lee, 799 F.2d at 38; Washington, 756 F.2d at 961-62.  Therefore, the three arguments in which the Court agreed with the Commissioner's position are not dispositive if his defense of the fourth argument does not overcome this burden.

Plaintiff's fourth objection was to the ALJ's hypothetical question to the vocational expert.  She objected because it did not include all of plaintiff's medically determinable impairments.  It is clearly established in this jurisdiction that an ALJ's reliance on a deficient hypothetical question is grounds for remand because the ALJ's decision was not based on substantial evidence.  See Rutherford v. Barnhart, 399 F.3d 546 (3d Cir. 2005) ("Limitations that are medically supported and otherwise uncontroverted in the record, but that are not included in the hypothetical question posed to the expert, preclude reliance on the expert's response."); see

---

[1] See Section I for plaintiff's objections to the magistrate judge's R&R.

also <u>Burns v. Barnhart</u>, 312 F.3d 113, 123 (3d Cir. 2005) (when record provides medically undisputed evidence of specific impairments not included in a hypothetical question to vocational expert, expert's response not considered substantial evidence); <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987) (hypothetical question posed to vocational expert must reflect all impairments supported by the record; otherwise the question is deficient and expert's answer cannot be considered substantial evidence).  Accordingly, the ALJ's reliance on the vocational expert's answer to a deficient hypothetical question is well-settled in the Third Circuit and the Commissioner's position against plaintiff's objection clearly offends established precedent.  This Court's overruling of plaintiff's three other objections is irrelevant because the Commissioner's argument against plaintiff's fourth objection does not present an unsettled or close question of law.  Thus, his position is not substantially justified.

**C. The Court's basis for remanding plaintiff's case was supported by the controlling regulation**

The Commissioner also argues the Court's reason for remanding the case, that the ALJ improperly relied on the vocational expert's answer to a deficient hypothetical question, is unsupported by the controlling regulation.  20 C.F.R. § 404.1545(a) discusses the process for assessing a claimant's residual functional capacity.  It states a claimant's impairments "may cause physical and mental limitations that affect what you can do in a work setting."  Because of the use of the word "may", rather than "will" or "must", the Commissioner suggests not every medically determinable impairment results in a significant functional limitation.  Therefore, he argues, "a medically determinable impairment need not be addressed in a hypothetical question by an ALJ to a vocational expert if the evidence suggests that it results in no functional

limitations." (Def. Br. at 4-5).

The Commissioner, however, cites no support for this proposition and relies only on his interpretation of the regulation.  Furthermore, this interpretation contradicts clearly established precedent in the Third Circuit.  As discussed in the Court's Memorandum Opinion dated August 21, 2007, there is a plethora of case law which supports the proposition that the ALJ has an obligation to include all limitations in a hypothetical question posed to a vocational expert if said limitations are credibly established.  See Rutherford, 399 F.3d at 554 (limitations are credibly established when medically determinable); see also Chrupcala, 829 F.2d at 1276 (minimal impairment is still an impairment and must be included in hypothetical question); Barry v. Barnhart, 2006 WL 2818433, at *10 (E.D. Pa Sept. 28, 2006) (moderate and mild impairments warrant inclusion).  As discussed in the Court's Memorandum Opinion, Plaintiff's mental limitations were medically determinable and, accordingly, credibly established.  See infra Discussion, Part 2.  This Court, therefore, disagrees with the Commissioner's interpretation of the regulation and will continue to follow the well-established precedent of the Third Circuit requiring even mild impairments be included in an ALJ's hypothetical question to a vocational expert.

**2.     The Commissioner did not have a reasonable basis in fact to defend the ALJ's deficient hypothetical question.**

When agency action is found to be unsupported by substantial evidence, the Commissioner bears the high burden of proving a reasonable basis in fact due to "extraordinary circumstances."   See Stokes v. Bowen, 811 F.2d 814, 816 (3d Cir. 1987) (agency action unsupported by substantial evidence virtually certain not to have been substantially justified).

The Commissioner relies on "an overwhelming lack of evidence of mental functional limitations" to meet its burden for the factual component of substantial justification.  In support of this argument, he cites to several facts in the record including: the record failing to suggest plaintiff would have difficulty performing the jobs identified by the vocational expert, plaintiff's silence with regard to her mental impairments at the administrative hearing, plaintiff's lack of treatment for mental impairments, and lack of an opinion by her treating physicians with regard to a mental impairment. (Def. Br. at 6).

As discussed in the Memorandum Opinion, the Court is aware plaintiff's mental impairments are poorly documented.  (Mem. Op. at 12).  However, the state agency psychologist's findings, which were adopted by the ALJ, include diagnoses of depression and post-traumatic stress disorder.  (Tr. 112, 114).  He also assessed mild restrictions in daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration.  (Tr. 119); see Barry, 2006 WL 2818433, at *10 (moderate and mild impairments warrant inclusion).  Even though he concluded plaintiff's mental impairments were not severe, they have been credibly established because they are medically determinable.  These facts provide a sufficient factual basis for requiring plaintiff's mental impairments in the hypothetical questions.  Therefore, the Commissioner has failed to meet his burden in providing a reasonable basis in fact to defend the ALJ's inadequate hypothetical question.

## IV.  CONCLUSION

The Commissioner has failed to meet his burden in proving there was a reasonable basis in law and in fact to defend the ALJ's reliance on an inadequate hypothetical question.

Accordingly, plaintiff is entitled to the award of attorney fees pursuant to the Equal Access to Justice Act, the amount and calculation of which the Commissioner has not disputed.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALAY VORACHIT | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 06-CV-3976 |
| MICHAEL J. ASTRUE | : | |
| | : | |
| Defendant | : | |

## ORDER & JUDGMENT

AND NOW, this 14th day of November, 2007, it is hereby ORDERED that:

1. Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act is GRANTED;

2. The objections by the Commissioner are DENIED;

3. Plaintiff is entitled to fees for 19.2 hours of services in connection with this matter at the adjusted rate of $167.23, resulting in a total of $3,210.82.

4. The Clerk of Court is directed to close this case for statistical purposes.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.